```
                                   UNITED STATES DISTRICT COURT
                                   SOUTHERN DISTRICT OF FLORIDA

                                   CASE NO. 06-22565-CIV-MORENO
                                   MAGISTRATE JUDGE P.A. WHITE

RONALD A. WILLIAMS,            :

     Plaintiff,                 :

v.                              :
                                              REPORT OF
DET. DANIEL SANTANA, ET AL.,   :           MAGISTRATE JUDGE

     Defendants.                :
```

## I. Introduction

This Cause is before the before the Court upon:

1. The defendant Parker's Motion to Dismiss the "Second" Third Amended Complaint [DE# 99]

2. The defendants Furer and Gore's Motion to Dismiss the "Second" Third Amended Complaint [DE# 100]

This case is now proceeding against five defendants: Miami-Dade[1] Detective Daniel Santana (Badge No. 4722); Miami-Dade Detective Adrian Barazal (Badge No. 4555); Miami-Dade Officer Benjamin Furer (Badge No. 5368); Miami-Dade Sergeant Jay Gore (Badge No. 2600); and Director Parker (Chief of Miami-Dade (Metro Dade) Police) in their individual capacities. [DE# 93 - Order Adopting Report and Recommendation issued by the Honorable Federico A. Moreno). The Operative Complaint in this case is the "Second" Third Amended Complaint. [DE# 68].

---

[1] The plaintiff now properly identifies these officers as employees of the "Miami-Dade Police Department." The Metro-Dade Police Department no longer exists, and is now the "Miami-Dade Police Department." The Miami-Dade Police Department is a subdivision of Miami-Dade County, and has police jurisdiction in the unincorporated areas of Miami-Dade County.

The Operative Complaint [DE# 68] is proceeding on the following claims:

<u>Counts Two and Five - Excessive Force/Assault and Battery</u>

The plaintiff alleges that at the police station Santana questioned him and tried to get him to confess to a shooting, which led to an argument. The plaintiff then claims that he asked Santana and Barazal for an attorney but they continued to question him and try to extract a confession. He further alleges that he refused to allow his photograph to be taken. At that point, Santana left to get an ammonia pack, and when he returned Barazal put him in a headlock while Santana placed the ammonia pack in the plaintiff's mouth, causing him to vomit and foam at the mouth. The plaintiff spit the packet at Santana and Barazal slapped him in the back of the head, knocking him to the floor. Barazal then kicked him and ran out of the room.

<u>Count Three - Failure to Intervene</u>

The plaintiff alleges that Furer and Gore observed the questioning and observed Santana go to get an ammonia packet, but they failed to stop him. He also alleges that Furer and Gore observed Barazal place him in a headlock and the use of the ammonia packet but failed to intervene. He further claims that Furer and Gore did not check on the plaintiff until he was on the floor crying, yelling and rolling in vomit and foam.

<u>Count Seven - Substantive Due Process</u>

The plaintiff alleges that Santana and Barazal's allegedly false arrest, use of coercive questioning tactics and perjury violated his Fourteenth Amendment right to substantive due process.

<u>Count Eight - Failure to Properly Train and Supervise</u>

The plaintiff alleges that Chief/Director Robert Parker failed to adequately train and supervise Barazal, who had a documented history of abusive conduct. The plaintiff alleges that Parker violated his constitutional rights by failing to properly train Barazal in the use of force and condoned his documented history of unnecessary use of force, and that such resulted in the plaintiff's being deprived of certain constitutional rights.

II. Analysis

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a complaint because the plaintiff has failed to state a claim upon which relief may be granted. See Fed.R.Civ.P. 12(b)(6). The complaint may be dismissed if the plaintiff does not plead facts that do not state a claim to relief that is plausible on its face. See Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007)(retiring the oft-criticized "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim); Watts v. FIU, 495 F.3d 1289 (11 Cir. 2007). While a complaint attacked for failure to state a claim upon which relief can be granted does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S.Ct. at 1964-65. The rules of pleading do "not require heightened fact pleading of specifics . . . ." The Court's inquiry at this stage focuses on whether the challenged pleadings "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007)(quoting Twombly, 127 S.Ct. at 1964).

Significantly, this Court's analysis upon screening the Operative Complaint under 28 U.S.C. §1915 used the same standard as Federal Rule of Civil Procedure 12(b)(6). <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). Director Parker and Officers Furer and Gore move to dismiss the claims pending against them which this Court has already determined are sufficient to survive a motion to dismiss. [<u>See</u> DE# 93].

<u>Parker's Motion to Dismiss</u>

Parker argues that the claim that he violated the plaintiff's constitutional rights by failing to properly train and supervise Officer Barazal does not meet the heightened pleading standard and he argues that he is entitled to qualified immunity. [DE# 99].

The <u>pro se</u> plaintiff has raised specific facts which state a claim that Parker may have violated his constitutional rights by failing to adequately train and supervise Barazal. The plaintiff alleges that Barazal had a long, documented history of violent, irregular behavior and disregard of citizens' constitutional rights (from July 6, 1998 to August 9, 2002) including eight documented incidents of violence, at least one of which resulted in a written reprimand. The plaintiff claims that Parker was on notice of Barazal's violent and dangerous propensities but failed to act, and the failure to act resulted in physical injury to the plaintiff.

To establish a claim against Parker on the theory of failure to train his subordinate officer, the plaintiff must establish (1) that there was a failure to adequately train the officer, (2) that the failure to train was the result of a policy, <u>i.e.</u>, either there

4

was an express policy or the failure to train amounts to "deliberate indifference" to the rights of persons with whom the officer comes into contact, and (3) that the failure to train policy caused the officer to violate the plaintiff's constitutional rights. City of Canton v. Harris, 489 U.S. 378, 389-91 (1989); Bruce v. Beary, 498 F.3d 1232 (11 Cir. 2007); Gold v. City of Miami, 151 F.3d 1346, 1350 (11 Cir. 1998). The plaintiff must ultimately present some evidence that the director knew of a need to train in a particular area, and that he made a deliberate choice not to take any action. Gold, 151 F.3d at 1350-51. Deliberate indifference may be established by a pattern of constitutional violations or by a single decision under appropriate circumstances. Bruce, 498 F.3d at 1249.

Here, the plaintiff has raised sufficient facts so that the claim against Parker should proceed beyond this stage of the proceedings. Liberally construed, the allegations are sufficient to allege that Parker had knowledge of the need to train Barazal but failed to do so, the failure to train amounted to deliberate indifference to the plaintiff's constitutional rights and the plaintiff's constitutional rights were violated.

Qualified immunity is "an entitlement not to stand trial or face the other burdens of litigation." Saucier v. Katz, 533 U.S. 194, 200 (2001) (quoting Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)). The purpose of this immunity is to allow government officials to carry out their discretionary duties without the fear of personal liability or harassing litigation, Lee v. Ferraro, 284 F.3d 1188, 1194 (11 Cir. 2002) (citing Anderson v. Creighton, 483 U.S. 635, 638 (1987)), and it shields from suit "all but the plainly incompetent or one who is knowingly violating the federal law." Lee, supra, 284 F.3d at 1194 (quoting Willingham v. Loughnan,

261 F.3d 1178, 1187 (11 Cir. 2001)). Since qualified immunity is a defense not only from personal liability for government officials sued in their individual capacities, but also a defense from suit, it is important for the Court to determine the validity of a qualified immunity defense as early in the lawsuit as is possible. Lee v. Ferraro, supra, at 1194; GJR Invs., Inc. v. County of Escambia, 132 F.3d 1359, 1370 (11th Cir. 1998).

Generally, government officials performing discretionary functions are protected by qualified immunity if their conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).

In Saucier, supra, the Supreme Court set forth a two-part test for evaluating a claim of qualified immunity. As a "threshold question," a court must ask, "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" Lee, supra at 1194 (quoting Saucier, 533 U.S. 194, 201); and then, if a constitutional right would have been violated under the *plaintiff's* version of the facts, the court must then determine "whether the right was clearly established." Lee, supra, 284 F.3d at 1194 (quoting Saucier, supra). This second inquiry "must be undertaken in light of the specific context of the case, not as a broad general proposition." Id.; see also Marsh v. Butler County, 268 F.3d 1014, 1031-33 (11 Cir. 2001) (en banc).

There is no dispute that the defendant Parker was acting within the scope of his discretionary authority. In addition, as stated above, at the time of the plaintiff's arrest, it was recognized by the Supreme Court that under appropriate

6

circumstances the failure to adequately train or supervise may give rise to a claim cognizable under §1983, see City of Canton, Ohio v. Harris, 489 U.S. 378 (1989), and this right was clearly established at that time.

For these reasons, the Undersigned again finds that the allegations against Parker in the Operative Complaint meet the Twombly and any "heightened pleading" standard. The Undersigned further finds that it is premature to determine whether Parker may be not entitled to qualified immunity, and recommends that Parker's Motion to Dismiss [DE# 99] be denied.

### Furer and Gore's Motion to Dismiss

Furer and Gore argue that the claim that they failed to intervene to stop the use of force by other officers does not meet the heightened pleading standard and they argue that they are entitled to qualified immunity. [DE# 100].  Furer and Gore argue that because they were not in the interrogation room with the other officers, there was insufficient time to intervene and they had no duty to intervene because the other officers may have needed to use force.

The plaintiff alleges that Furer and Gore observed the questioning and observed Santana go to get an ammonia packet, but they failed to stop him.  He also alleges that Furer and Gore observed Barazal place him in a headlock and the use of the ammonia packet but failed to intervene.  He further claims that Furer and Gore did not check on the plaintiff until he was on the floor crying, yelling and rolling in vomit and foam.

Claims of excessive force by police officers are cognizable under 42 U.S.C. §1983, as are claims that officers who were present failed to intervene. <u>Fundiller v. City of Cooper City</u>, 777 F.2d 1436 (11 Cir. 1985). A claim that a law enforcement officer used excessive force in the course of an arrest, an investigatory stop, or any other seizure of a free citizen is to be analyzed under the Fourth Amendment and its "reasonableness" standard. <u>Graham v. Connor</u>, 490 U.S. 386 (1989); <u>Ortega v. Schram</u>, 922 F.2d 684, 694 (11 Cir. 1991).

The plaintiff has stated sufficient facts so that the claim that Furer and Gore observed the alleged abuse, were in a position to intervene and failed to intervene should survive the motion to dismiss. At this stage of the proceedings, the Court must liberally construe the allegations of the complaint and accept them as true. In doing so, the Undersigned finds that the plaintiff has stated facts which, if true, might state a claim that Furer and Gore were in a position to intervene but failed to do so, in violation of the plaintiff's constitutional rights. The claim against Furer and Gore meets the <u>Twombly</u> and any "heightened pleading" standard. Further, whether either Furer or Gore may be entitled to qualified immunity cannot be determined at this stage of the proceedings. The duty to intervene was clearly established at the time of the alleged incidents. It is therefore recommended that the joint Motion to Dismiss [DE# 100] be denied.

### III.  Recommendation

Based on the foregoing, it is recommended as follows:

1.  The Motion to Dismiss [DE# 99] be denied.

2.  The Motion to Dismiss [DE# 100] be denied.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

It is so recommended at Miami, Florida, this 5th day of September, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Ronald A. Williams, Pro Se
 DC No. M33810
 Dade Correctional Institution
 19000 S.W. 377th Street
 Florida City, FL 33034-6499

 Eric Alberto Rodriguez, Esq.
 Assistant Miami-Dade County Attorney
 Stephen P. Clark Center
 Suite 2810
 111 N.W. 1st Street
 Miami, FL 33128-1993